And we will move on to our fourth case of the day, United States v. Frank Washington, III. Good morning. Your Honors, may it please the Court. I'm Jared Hammer. I'm here for Frank Washington. I'll do my best to reserve about two minutes for rebuttal subject to the questions that the panel has. As you're well aware, we've raised two issues. We've tried to bring two issues to your attention in this case. The first is that we think the District Court inadequately explained Mr. Washington's sentence. We think that explanation was inadequate because we don't see any independent justification for the sentence in the transcript of the sentencing hearing. The second issue that we've raised, of course, is the question of whether the transcript, if it suffices to explain the sentence, whether it also shows a tapia error. We recognize that claim has gotten significantly more difficult after the Court's decision in Richards. So unless you want me to address that topic, I'd like to start on the first issue. I think that's probably the cleaner path for my clients. So this Court has said repeatedly that a meaningful explanation of a sentence is one that requires and is one that offers an independent justification for a sentence. And that's true even when, as here, the sentence that the Court ultimately opposes is within or, in this case, at the bottom of the guideline range. So we don't contest that principle. We're not asking for a minimum word count for District Judges. We're not asking to change the law that says this sort of sentencing explanation doesn't have to be verbose. You don't have to do a whole lot. But there does have to be some sort of independent justification. And I think the case law points to at least a couple of reasons for this independent justification requirement. The first, of course, is that this Court needs something to review. This is a court of review. You don't sort of speculate about what the District Judge had in mind. And the independent justification, I think, satisfies that. It allows this Court to satisfy its duty as a court of review, which is to say the Court has to give you something to work with. The second is that it allows this Court to be sure that the District Court didn't just sort of default to a presumption that the guidelines are reasonable. So those, I think, are the primary practical justifications for why this Court has consistently imposed an independent justification rule in cases like Lyons and Washington in no relation to my client. You know, one of the reasons I think we can be pretty sure that the District Court didn't offer some sort of independent justification here is that my esteemed colleague hasn't been able to find one in the transcript either. And it doesn't point one out in its brief, in the government's brief. The government's position, as I sort of have re-reviewed the papers in preparation for this argument, the government's argument seems to be something along the lines of once the District Court rejects a principle argument of mitigation, at that point there's nothing else really to say. It's hard for me, first of all, just to see how that's different than a presumption of reasonableness in the guidelines. If the defendant doesn't offer persuasive mitigation sufficient to persuade the District Judge, well then you can just sort of impose the guidelines and be done with it. I think Nelson says exactly the opposite. The other point I would make is that I think this Court in Lyons rejected that exact kind of argument. In Lyons at page 785-786, this Court pointed out that yes, ordinarily when we have, when this Court has said an explanation was insufficient, the reason was that the Court didn't address a principle argument of mitigation. But that doesn't relieve the District Court of its obligation to provide some independent justification. In Lyons and in Washington, the District Courts in both of those cases, like in this case, referenced everything that had been filed, referenced the record, referenced the sentencing memos and the parties' arguments, right? And still this Court said, well you haven't offered us an independent justification for the sentence and so we need to vacate and revamp. So that's the gist of our position. If the panel has specific questions about that, I'd be more than happy to address them. If you would like to hear my thoughts on Richards, I'd be happy to offer those as well, but we've laid those out in the briefing. And so unless there are questions from the Court, I would save the rest of my time for rebuttal. Thank you. Mr. Whelan. May it please the Court. Good morning, Your Honors. Nathanael Whelan here on behalf of the United States of America. The District Court did not procedurally err in announcing its sentence or unreasonably rely on a prohibited factor, the tabia factor, and so we ask you affirm. As with Mr. Hamernick, I won't really deal with the Richards question unless this Court has a question, so we'll focus on the argument he made, which is that the Court failed to adequately explain the sentence. If this Court looks at the cases of Lyons and Washington, which Mr. Washington is primarily relying on at this point, it's not quite as clean as it's being made out to be. So in Lyons and Washington, what this Court found was the District Court bypassed any I'm sorry, any arguments in mitigation whatsoever. So the sentencing Court in both of those cases didn't address the arguments in mitigation. This Court said that's fine in those cases, there's no error as it relates to that because they were not principal arguments in mitigation. But what this Court is then left with is a non-individualized determination about a sentencing because there's no evidence anywhere in those records that the Court considered the arguments made by the parties in that case. There's no argument the Court considered the individual defendant in front of it. What the Court instead did was say, all right, 3553A factors, that's enough. That's not what we have here. What we have here is the defense undisputably concedes the District Court considered all of his principal arguments in mitigation. He said that, his attorney said that on the record. That's the distinguishing factor between those cases and what's going on here. And that's what this Court looked at in Cunningham 20 years ago. This Court said is when you are considering whether the defendant gets an individualized sentence sufficient to comply with the mandates of Reda, Booker, the 3553A factors, we have to look at somewhere in the record to show the Court considered this defendant specifically. And the Court didn't just say, oh, the guidelines are reasonable, that's enough. We have that here because, again, the defendant concedes the District Court here considered his principal argument in mitigation. And by the time we get to the Court's announcement of its sentence, the defendant has said during his sentencing argument, and this is page, appendix page 8 to 9, he's narrowed it down to one principal argument in mitigation. He says, Judge, we're asking for 57 months. This is a departure from the guideline. We believe it's appropriate given his health condition. There's one issue now at this point between a guideline and a non-guideline case is the way the defendant's framed the issue at this point. The government's asking for a low end of the guideline. The defendant says 57 months because of his health condition. The defendant then says the Court addressed this argument, waived any argument to the contrary, so we do have an individualized sentence here in this case. And that's what this Court requires. This Court doesn't require a whole lot. If you look at RETA, RETA is a very terse explanation by the District Court sentence. And what the Supreme Court said in that case is, yeah, sometimes you're going to need more, sometimes you're going to need less. If it's apparent in the context of the sentencing that we are not really fighting over a whole lot, a court could do what it does in some motion and just stamp affirmed, stamp denied, and that's enough in the parties. And this court, a reviewing court, would understand based on the context what's going on. That's what we have here. We have a case where it really is just about this one health condition, which is the principle argument of mitigation. That's what separates this case from a guideline case. And then the District Court did what the Supreme Court said you could do in RETA and say, yes, this is a guideline case. I think the Sentencing Commission got it right. I'm going to impose a sentence for that reason. That's what the District Court did here. How do you distinguish Lyons? Yeah, Your Honor, Lyons involved the case where the District Court didn't address any of the principle arguments in mitigation whatsoever. And so you have a situation where this court's left with no kind of spot on the record where it can look at it and say the District Court and Lyons considered this defendant, Mr. Lyons, as an individual being as opposed to just saying that, you know, he's a guideline range. We don't have that here because we do have the District Court addressing the principle arguments in mitigation. And so we know, you know, that this court considered the defendant as an individual as opposed to just a guideline range. You also know that aside from the defendant's waiver at that point by the fact that the judgment of conviction recommends him to go to a facility where he's going to get treatment for his heart condition. All right, so the District Court understands that the medical condition, the heart condition, that is the key issue from the defendant's perspective in this case. Unless this court has any other questions on that issue or, I guess, the Richards issue, we'd ask that you affirm the sentence. Thank you. So I still don't think I've heard an independent justification for the sentence. The government's position seems to be that when the judge addresses, as the judge did here, even in a very quick way, and we're not contesting the waiver of the sort of Cunningham argument, the judge addressed those arguments in the sense that the judge said, here are all the things that are considered. Does that cover the basis? And no doubt we said yes, and that's a waiver. I suppose what I'm hearing at this point is that a judge who addresses principle argument in mitigation has necessarily adequately explained the sentence. And I don't think that's borne out by the case law. I don't think that's borne out in Lyons or Washington. I don't think that's what this court found in Garcia-Oliveira or Shoffner either. It is, I suppose if we're thinking in terms of what's necessary and what's sufficient, a judge who addresses the principle arguments in mitigation probably has gone a very long way to offering an individualized explanation of the sentence. But that doesn't mean that the judge has actually crossed the finish line in terms of addressing and offering an independent justification. Because there's nothing in the text of the transcript, there's nothing that the judge said that independently justifies this sentence. What do you think he should have said? I think the judge should have offered a meaningful and fact-specific explanation for the sentence. If the judge was going to offer this exact sentence, I think the judge could have done that in a lot of different ways. So I don't have anything in mind that I would prescribe for the judge to say. I would say the judge had to say something, had to offer some explanation. What was your principle argument in mitigation? You've used that phrase several times. That's right. There's no doubt the principle argument in mitigation for Mr. Washington was his health concerns. He suffers from severe cardiac problems, he wears a vest and so on. So there's no doubt that that was the principle. So what the judge basically said in this case was, I'm not going to downwardly depart, I'm going to give him the lowest sentence within the guidelines, but I'm going to make sure that I'm going to ask that they place him in a place where at least the judge thought he'd be taken care of. Tear it down a tear hole. Is that right? That's not sufficient. None of that is in the transcript. Had the judge said that, I would have it much more time. I think you can sort of read between the lines of the transcript and sort of infer that that's probably… Well, different judges have different personalities, you know, and some are laconic and some are, to their detriment, sometimes overly expansive. No doubt, and we're not trying to cast a rule that says every judge has to be one thing or another. And so I don't want to prescribe the explanation that the judge had to offer. Our point is different. Our point is that the judge did not offer any independent justification, and even a short one would have sufficed. And you don't think we can connect the dots here? I see on page 12 of the appendix, the court did order that the defendant be housed in a facility that can meet his need for cardiac monitoring and treatment. Now granted, the recitation of the 3553A factors was pretty rote, but sort of connecting the dots, one could infer that the judge was concerned or found that mitigating evidence persuasive. Your argument is we shouldn't connect the dots in that way? And why not? Because it's light, it's thin, but it's sort of there in the record that he found the health issue somewhat compelling. So take your point on that. I don't want to quarrel with that point at all, and I'm not suggesting that the judge just ignored my client's health concerns. The fact that he recommended a placement in a medical facility, I don't think says much about the sentence though. Why was this sentence for this person warranted? The health concerns are going to be there whether you impose a 57-month sentence, a 70-month sentence, or something in between, or outside of that range. So I'm not at all suggesting that the judge just ignored the health concerns. I don't think that's a fair reading of the record at all. What I do struggle with, just honestly reading this record, is I don't know why my client got 70 months as opposed to 57 or something in between. And I think the judge had to say something that would allow this court not just to infer what was going on, but to know what was going on. And then also, of course, I think there's the concern that the United States v. Washington and the United States v. Lyons identifies, which is just that we want to be sure that busy district judges are not sort of just defaulting to a guideline sentence, and without some explanation for why this was the sentence that was imposed, it's just really hard to understand one way or the other what the judge did. Unless the panel has additional questions, we would rest on the briefs and ask you to  Thank you. Thank you, counsel. And I know the federal defenders were appointed here. So thank you for your advocacy on behalf of your client, and thank you to the government.